## Kesslersville District Ballot-Box.

*Election law—Removal of ballot-box—Acts of May 7 and May 19, 1923.*

1. A petition for the removal of a ballot-box should set forth all the facts showing that conditions demand that the court should order a change from the place where the ballot-box has been usually kept to another place.

2. Proceedings for the removal of a ballot-box are in the Court of Common Pleas.

3. Acts of May 7, 1923, P. L. 147, and May 19, 1923, P. L. 267, considered.

Petition for removal of ballot-box. Q. S. Northampton Co.

STEWART, P. J., Feb. 21, 1927.—A petition, signed by sixteen duly-qualified electors of the above district, has been presented to us, requesting the court to change the place designated for the deposit of the ballot-box of said district from the office of Eugene Mohn, justice of the peace, to "the custody of Steward Engler." The basis of the application is that the office of Eugene Mohn is three miles from the polling-place of the said district. The petition is defective in that it does not set forth where Steward Engler resides. Presumably his residence is nearer, but we ought to know just where it is. In Eastern Election District of East Allen Township, 16 Northamp. Co. Repr. 135, we said: "Applications of this kind are not granted as a matter of course, and no transfer will be made from a justice of the peace unless imperative conditions demand, and only after careful investigation into the conditions and into the character of the person in whose custody the ballot-box is to be kept, and the basis for the application must be a petition properly signed and sworn to. In the present case, the application is in proper form. We also know of the good character of Mr. Odenwelder, and, after investigating the conditions, we are satisfied that the transfer should be made. We follow what was said by the late President Judge Scott in a similar application, as follows: 'It seems to be most desirable, if the custodian named be a proper person, that the election officers should find the ballot-box at the polling-place on the morning of an election, instead of being compelled to go a mile or two for it, before opening the polls, and after the count, late at night, reconvey it to a distant office.'" Since that case was decided, Nov. 13, 1916,

the law has been amended by the Act of May 7, 1923, P. L. 147, and the Act of May 19, 1923, P. L. 267. The former act would seem to require that the ballot-box should be placed in the custody of the "nearest justice of the peace," while the latter act would seem to permit it to be placed in any place designated by the Court of Common Pleas. This latter act is but a re-enactment of the Act of May 6, 1909, P. L. 425, with slight changes, and, being twelve days later than the first act, would seem to be the latest deliverance on the subject. The proceeding ought, therefore, to be in the Common Pleas, and that was the court in which the above reported proceedings were instituted. In a somewhat hurried examination of the matter, we have not found that the old Act of July 2, 1839, § 127, P. L. 547, which requires a justice of the peace to receive the ballot-box, has been repealed. The policy of the law has always been to commit the custody of the ballot-box to the nearest justice of the peace. Why the legislature ever changed the law, we do not know, but it is manifest that public policy requires that when the place is once designated it should not be changed without good reasons, as it is most important that only persons of the highest probity should receive the custody of the ballot-box. For the reason that the petition is defective and that this court has no jurisdiction, we refuse the application, but another application in the proper court, with proper averments, will be received.

And now, Feb. 21, 1927, the petition is refused.

From Henry D. Maxwell, Easton, Pa.